## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

EARNEST JETT, JR.,

     Plaintiff,

v.                           Case No.  5:24-cv-40-MCR-MJF

CHIEF JETER, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Earnest Jett, Jr. has filed a second amended complaint under 42 U.S.C. § 1983. Doc. 14. The undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because Jett's complaint fails to state a claim on which relief can be granted.

### I. JETT'S ALLEGATIONS[1]

     Jett is a pretrial detainee confined at the North Florida Evaluation Center. Doc. 14. Jett was confined at the Jackson County Correctional Facility ("the Jail") at the time he initiated this lawsuit. Doc. 1. Jett is

---

[1] These allegations are drawn from Jett's Second Amended Complaint. Allegations in prior pleadings that were not set out in the Second Amended Complaint are deemed abandoned. N.D. Fla. Loc. R. 15.1(A).

suing four Jail officials in their individual and official capacities: Chief of Corrections Jeter, Lieutenant Williams, Sergeant Kent and Sergeant Basford. Doc. 14 at 1-3.

Jett alleges that the Jail "[i]s ran down and in need of major repairs that a coat of paint can't fix." *Id*. at 5-6. Jett explains that "on Jan 15 it was 20 degrees[ ] outside and we had no heat." *Id*. at 6. Jett complains that the Jackson County Commissioners bought two new Ford F-150 pickup trucks for the Jail, when the money "would have been better spent on a new HVAC system so we wouldn't freeze." *Id*.

Jett alleges that he filed "many grievances" about the heat issue, but Jeter did nothing until Jett's father "confronted" Jeter at a County Commission meeting concerning the heat issue. *Id*. at 7. Jett does not identify what legal claims he is asserting in this lawsuit, or what relief he seeks. *Id*.

## II.    SCREENING UNDER 28 U.S.C. §§ 1915(e)(2), 1915A

Because Jett is a prisoner and is proceeding *in forma pauperis*, the court is required to review his second amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the

defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III.    DISCUSSION

### A.    <u>The Section 1983 Standard</u>

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

Liberally construing Jett's Second Amended Complaint, Jett appears to be raising a constitutional challenge to the conditions of his confinement at the Jail. Because Jett was a pretrial detainee and not a convicted prisoner, his conditions-of-confinement claim arises under the Fourteenth Amendment's Due Process Clause. *Jacoby v. Baldwin County*, 835 F.3d 1338, 1344 (11th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). Although "a detainee may not be punished

prior to an adjudication of guilt in accordance with due process of law,"
*Bell*, 441 U.S. at 535, the government "may detain him to ensure his
presence at trial and may subject him to the restrictions and conditions
of the detention facility so long as those conditions and restrictions do not
amount to punishment, or otherwise violate the Constitution." *Id.* at 536-
37.

The Eleventh Circuit has recognized—in addressing a pretrial
detainee's conditions-of-confinement claim—that: "[I]n regard to
providing pretrial detainees with such basic necessities as food, living
space, and medical care the minimum standard allowed by the due
process clause is the same as that allowed by the eighth amendment for
convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th
Cir. 1985). "[T]he challenged condition must be 'extreme,'" and at the very
least must pose "'an unreasonable risk of serious damage to [the
prisoner's] future health' or safety." *Chandler v. Crosby*, 379 F.3d 1278,
1289 (11th Cir. 2004) (quoting *Helling v. McKinney*, 509 U.S. 25, 35
(1993)). For temperature-based claims, courts "consider both the
'severity' and the 'duration' of the prisoner's exposure to extreme

temperatures." *O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016)
(quoting *Chandler*, 379 F.3d at 1295).

**B.    Jett Fails to State a Fourteenth-Amendment Claim**

Jett's Second Amended Complaint contains almost no allegations
concerning the conditions of confinement at the Jail. Jett's bare
assertion—that he was confined in a housing unit with no heat for a
period in January when the outside temperature reached 20 degrees—
does not support a reasonable inference that Jett was exposed to an
"extreme" condition rising to the level of unconstitutional punishment.
Jett does not describe the temperature ranges in his cell, the duration of
the condition, or the degree of cold he actually experienced. Jett also does
not provide any information about the clothing and bedding he was
provided during the relevant period. "[A] prisoner's mere discomfort,
without more, does not offend the Eighth [or Fourteenth] Amendment."
*Chandler*, 379 F.3d at 1289, 1295.

It also bears noting that Jett does not allege that he experienced—
much less reported—any risk to his health arising from his conditions of
confinement. *O'Connor*, 644 F. App'x at 932 (prisoner's placement on
strip-cell status for longer than 72 hours during January in Florida,

without a blanket, mattress or bed and with only a "suicide shroud," did not violate the Eighth Amendment even if prisoner felt uncomfortably cold; prisoner alleged no details about the actual temperature of his cell or about the degree of cold he experienced, and prisoner did not report any medical problems to prison officials); *see also, e.g., Jacobs v. Escambia County*, No. 3:22cv7595-LC-HTC, 2023 WL 3851988, at *2-3 (N.D. Fla. June 2, 2023) (pretrial detainee complaining of overcrowding and having to sleep on a mat on the floor for approximately one year failed to satisfy objective component of conditions-of-confinement claim), *report and recommendation adopted*, 2023 WL 3855873 (N.D. Fla. June 6, 2023).

Jett's allegations pale in comparison to those that have been found to sufficiently describe an unconstitutional condition of confinement. *See Chandler v. Baird*, 926 F.2d 1057, 1063, 1065 (11th Cir. 1991) (convicted inmate who was "confine[d] in a cold cell with no clothes except undershorts and with a plastic-covered mattress without bedding; filth on the cell's floor and walls; deprivation of toilet paper for three days; deprivation of running water for two days; lack of soap, toothbrush, toothpaste, and linen; and the earlier occupancy of the cell by an inmate

afflicted with an HIV virus" established triable issue of fact); *Jordan v. Doe*, 38 F.3d 1559, 1565, 1567 (11th Cir. 1994) (pretrial detainee's allegations that he was held in "overcrowded, unsanitary local jails where the food was contaminated and fire hazards existed" were sufficient to survive motion to dismiss).

Because Jett's allegations are insufficient to show that the lack of heat violated the Constitution, he fails to state a plausible § 1983 claim against Chief Jeter and Jackson County. *See Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795, 821 (11th Cir. 2017) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)) ("There can be no policy-based liability or supervisory liability when there is no underlying constitutional violation.").[2]

---

[2] The undersigned does not discount Jett's frustration with being confined in a housing unit with no heat when the outside temperature was at times 20 degrees. Jett, however, has brought this lawsuit under 42 U.S.C. § 1983. That requires him to demonstrate that the confinement condition was unconstitutional. Jett has failed to satisfy the constitutional standard despite the undersigned providing him the opportunity to replead.

**C.** **Jett Fails to Connect Williams, Kent, and Basford to the Alleged Conduct**

Jett's Second Amended Complaint not only fails to state a plausible conditions-of-confinement claim, but Jett also fails to connect Williams, Kent, or Basford to any specific unlawful act. *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) ("[A]s with any tort claim," a plaintiff suing under § 1983 must "show that the injury was caused by the defendant's wrongful conduct.").

Other than in the caption, Jett's Second Amended Complaint does not mention Williams, Kent, or Basford. Jett's claims against these Defendants, therefore, must be dismissed for failure to state a claim. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008).

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief can be granted.

2.     The clerk of court enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>3rd</u> day of September, 2024.

/s/ <i>Michael J. Frank</i>
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**